UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JUSTIN RIVERA,<br><br>Defendant. | 19 Cr. 131 (PAE)<br>25 Civ. 10823 (PAE)<br><br><u>Attorney-Client Privilege</u><br><u>Waiver (Informed Consent)</u> |

PAUL A. ENGELMAYER, District Judge:

Defendant Justin Rivera has moved, *pro se*, under 28 U.S.C. § 2255 to vacate his conviction on the ground, among others, that he received ineffective assistance from his trial attorney, Anthony Cecutti, Esq., and his appellate attorney, Peter J. Tomao, Esq. *See* Dkt. 1056.[1] Although based on the Court's review, there is a substantial argument that Rivera's ineffective assistance claims are facially meritless, the Court's judgment is that, to enable a thorough evaluation of them, there is a need for sworn testimonial statements from these two attorneys.

The American Bar Association requires Rivera's attorneys to obtain his consent before disclosing confidential communications between Rivera and these attorneys that may bear on the disposition of the motion. This is a professional ethics requirement; there is no legal requirement that a defendant give his attorneys permission to disclose such information. In fact, as a matter of law, Rivera has waived the attorney-client privilege by making this motion, which means that if he wishes to press his claims of ineffective assistance, he cannot keep the communications between himself and his trial attorneys a secret—he must allow them to be disclosed to the Government and to the Court pursuant to Court order.

---

[1] Citations here are to docket entries in 19 Cr. 131 (PAE).

If Rivera wishes to proceed with his motion to vacate his conviction on the basis that he received ineffective assistance of counsel, he must sign this statement and file it publicly on the docket of this case.  The form authorizes Rivera's trial and appellate attorneys to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that Rivera's motion raises.

Rivera should know that if he signs this authorization, he runs the risk that his trial and/or appellate attorneys will contradict his statements about their representations of him.  However, Rivera should also know that the Court will deny his motion, to the extent it raises ineffective assistance of counsel claims, if he does not authorize his trial and appellate attorneys each to give an affidavit in response to the Court's attached order.  Nothing in the American Bar Association's opinion alters the fact that Rivera has already waived the attorney-client privilege; if Rivera frustrates the Court's ability to decide his motion by refusing to sign this authorization, the motion will be denied with respect to his ineffective assistance of counsel claims for failure to prosecute.

**Rivera must publicly file, on the docket of this case, this form, signed by Rivera and notarized, within thirty (30) days from the date of this Order.  If Rivera does not do so without those thirty (30) days, the Court will automatically deny Rivera's motion with respect to his ineffective assistance of counsel claims.**

The Clerk of Court is respectfully directed to mail a copy of this Order and the attached Notarized Authorization page to Rivera and his attorneys listed below the Court's signature.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated:  January 6, 2026
        New York, New York

*By ECF and First Class Mail to:*

**Anthony Cecutti**
Law Office of Anthony Cecutti
217 Broadway, Suite 707
New York, NY 10007
917-741-1837
Fax: 212-962-5037
Email: anthonycecutti@gmail.com

**Peter Joseph Tomao**
Law Office of Peter J. Tomao
600 Old Country Road, Ste. 328
Garden City, NY 11530
516-877-7015
Fax: 516-877-7016
Email: ptomao@tomaolaw.com

**NOTARIZED AUTHORIZATION**

I have read the Court's Order dated January 6, 2026, captioned "Attorney-Client Privilege Waiver (Informed Consent)". I hereby authorize my former attorneys, Anthony Cecutti and Peter J. Tomao, to comply with the Court's order giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.


Dated: _____              _____

                                                            Justin Rivera


Sworn to before me this _____
day of _____, 20___




_____
Notary Public